

ORIGINAL

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

41580

| | | |
|---|---|---|
| GRAMERCY INSURANCE COMPANY, | § | |
| | § | |
| Plaintiff, | § | |
| | § | **3:10 CV-1254D** |
| v. | § | Civil Action No. _____ |
| | § | |
| NIALL KAVANAGH, MARK KILLILEA, | § | |
| FIONA ANN KILLILEA and BRIAN | § | |
| KENNEDY (individuals), | § | |
| | § | |
| Defendants. | § | |

## GRAMERCY INSURANCE COMPANY'S ORIGINAL COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

NOW COMES Gramercy Insurance Company and complains of Niall Kavanagh, Mark Killilea, Fiona Ann Killilea and Brian Kennedy as follows:

### I.
### PARTIES

1.    Plaintiff Gramercy Insurance Company ("Gramercy") is a Texas corporation with its principal place of business in Dallas, Texas.

2.    Defendants Niall Kavanagh, Mark Killilea, Fiona Ann Killilea and Brian Kennedy (collectively "Defendants") are individual citizens of the United Kingdom residing in the United Kingdom. The United Kingdom is a signatory to the Hague Convention on Service Abroad of Judicial and Extrajudicial Documents in Civil and Commercial Matters (the "Hague Convention"). Therefore, Defendants may be served with process in any manner permitted under the Hague Convention, including Articles 10(a)-(c) thereof, in accordance with the law of the United Kingdom, personally, or in such other manner permitted by the law of the United Kingdom as may be permissible

under the Hague Convention.  FED. R. CIV. P. 4(f)(1), 4(h)(2).

## II.
## JURISDICTION

3.      This Court has personal jurisdiction over Defendants because their actions establish minimum contacts with Texas, and place them within the reach of the federal and state long-arm statutes, which reach the limits of constitutionally permitted jurisdiction.  FED. R. CIV. P. 4(k)(1)(A); TEX. CIV. PRAC. & REM. CODE §§ 17.041, et seq. As set forth above, service of process is authorized on Defendants in the United Kingdom under the Hague Convention.  FED. R. CIV. P. 4(f)(1), 4(h)(2).  This Court has specific jurisdiction over Defendants because Defendants have purposefully availed themselves of the benefits and protections of the laws of Texas.  In particular, as part of the incident that give rise to this suit, Defendants were obligees on a guarantee provided by Gramercy, a Georgia company with its principal place of business in Texas, and have sought indemnification under the guarantee from Gramercy in Texas.  The Court's assumption of jurisdiction over Defendants will not offend traditional notions of fair play and substantial justice and will be consistent with the constitutional requirements of due process because Defendants have sought out financial benefit from a Georgia company with its principal place of business in Texas, and could reasonably expect to be subjected to jurisdiction in Texas as a result.

4.      This Court has jurisdiction over the claims asserted herein pursuant to 28 U.S.C. § 1332(a)(2) in that this is a civil action between a citizen of a state and citizens of a foreign state.

5.      As set forth in more detail below, this lawsuit arises from a controversy among Gramercy and Defendants concerning whether Defendants are entitled to

indemnification from Gramercy under the terms and conditions of the guarantee. Defendants claim entitlement to such indemnification in an amount of GBP 78,000, which, based on current exchange rates, is in excess of $75,000.00. Gramercy contends that Defendants are not entitled to indemnification the reasons set forth herein.

6.      Thus, the value of the right to be protected and the extent of the injury to be prevented by this action for declaratory judgment exceeds the sum of $75,000.00, exclusive of interest and costs.  28 U.S.C. § 1332(a).

## III.
## VENUE

7.      Venue is proper in this District because all Defendants are aliens, and thus may be sued in any district.  28 U.S.C. §1391(d).  Venue is also proper in this District because a substantial part of the events giving rise to the claims herein occurred in this District.  28 U.S.C. § 1391(a)(2).

## IV.
## FACTS

8.      On or about May 21, 2007, Defendants entered into a Leasehold Agreement with Imagine Homes Limited ("Imagine") to purchase Plot 12.19, The Icon Building, Millharbour, London E14 9TX (the "Property").   In connection with their contract to purchase the Property, Defendants allegedly issued a deposit on the Property to Imagine.

9.      Gramercy provided a Guarantee for Repayment of Deposit, naming Imagine as "Vendor" and Defendants as "Purchaser" (the "Guarantee"), under which Gramercy agreed, subject to all terms and conditions of the Guarantee, to pay

Defendants the amount equal to that portion of the deposit, if any, that Imagine failed to return to Defendants under certain specified conditions, as follows:

> GIC will pay the Purchaser the amount equal to the Deposit, or such part of it as remains owing, within 10 business days of receiving written demand from the Purchaser in the form contained in the Schedule to this Guarantee, for the amount being claimed (which cannot be greater than the Amount of the Deposit) and stating that:
>
> a)   the High Court has ordered that a liquidator, receiver or administrator be appointed of the Vendor; and
>
> b)   the Purchaser has made written demand upon the Vendor for the return of the deposit and the Vendor has failed to make the payment within six months of the written demand.
>
> and enclosing a copy of the judgement of the High Court referred to in (a) above and a copy of the demand referred to in (b) above, and a receipt for the amount of the Deposit paid to the Vendor.

10.   By its terms, the Guarantee expired as follows:

The Guarantee commences on the date hereof and will expire on the earlier of:

a)   the date the Vendor and the Purchaser (or his, her or its nominee) completes the sale of the Property; or

b)   the date that the Vendor (or its nominee or assigns) is ready willing and able to effect completion of the Property, and has advised the Purchaser (or his, her, or its nominee), accordingly and the Purchaser has subsequently failed to complete; or

c)   24 months from the date hereof, unless extended with the written agreement of GIC at the written request of the Vendor not less than 60 days prior to the expiry date.

11.   The purchase contract between Imagine and Defendants required that, upon notice by Imagine that construction on the Property was complete, Defendants were required to close on the Property (referred to as "completion" in the Guarantee and in the UK) not later than ten days following such notice.

12.     On May 1, 2009, Imagine notified Defendants that construction of the Property was complete and that Defendants were contractually obligated to effect completion on the Property by May 11, 2009.

13.     Defendants failed to effect completion on the Property by May 11, 2009, and specifically refused to do so.

14.     On May 19, 2009, Imagine was placed in administration (bankruptcy in the UK).

15.     On February 19, 2010, Defendants sent Gramercy a letter demanding indemnification for the deposit paid by Defendants to Imagine.

16.     On March 19, 2010, Gramercy, through its counsel, notified Defendants that the Guarantee terminated by its own terms before Imagine was placed into administration because Defendants failed to effect completion after notice from Imagine, and that, therefore, Defendants were not entitled to indemnification under the Guarantee.

17.     On June 16, 2010, counsel for Defendants sent to counsel for Gramercy a letter disputing Gramercy's denial of Defendants' claim, demanding indemnification under the Guarantee, and notifying Gramercy that Defendants would commence legal proceedings against Gramercy.

# V.
## CAUSES OF ACTION

### COUNT ONE

### DECLARATORY JUDGMENT THAT THE GUARANTEE EXPIRED ON MAY 11, 2009, AND THAT GRAMERCY IS NOT OBLIGATED TO INDEMNIFY DEFENDANTS THEREUNDER

18.     Gramercy incorporates and realleges the factual allegations in Paragraphs 1-17 above as if fully copied herein.

19.     An actual controversy exists between Gramercy and Defendants with respect to Defendants' entitlement to indemnification under the Guarantee.   This controversy is definite and concrete, real and substantial, and admits of specific relief through a decree of a conclusive character.   Thus, Gramercy requests that the Court declare the rights and other legal relations among Defendants and Gramercy, who have a legal interest threatened in this controversy, with respect to the Guarantee, as set forth below.   28 U.S.C. § 2201, *et seq.*

20.     As discussed above, the Guarantee expired not later than May 11, 2009, when Defendants, having been duly notified that construction of the Property was complete, failed to effect completion on the Property.   That failure, and thus expiration of the Guarantee, occurred before Imagine was placed into administration on May 19, 2009.   Thus, Gramercy has no obligation to indemnify Defendants after May 11, 2009. Yet, Defendants maintain that Gramercy is bound by the Guarantee to indemnify Defendants for their deposit on the Property and have threatened to institute litigation against Gramercy related thereto.

21.     In light of this controversy, Gramercy seeks a judgment declaring that the Guarantee expired not later than May 11, 2009, and as such, that Gramercy has no liability whatsoever to Defendants.

## VI.
## CONDITIONS PRECEDENT

22.     All conditions precedent to Gramercy's entitlement to assert the above cause of action have occurred or have been satisfied, waived, or excused.

WHEREFORE, PREMISES CONSIDERED, Gramercy prays that the Court issue a judgment declaring that Gramercy has no liability whatsoever to Defendants to indemnify them for any amounts paid by them to Imagine as a deposit on the Property; that the Court award Gramercy is reasonable and necessary attorneys' fees and costs incurred in the prosecution of this action; and that Gramercy be granted such other and further relief to which it is justly entitled.

Respectfully submitted,

CHRISTOPHER R. WARD
State Bar No. 24008233
MICHAEL D. FEILER
State Bar No. 24055475
STRASBURGER & PRICE, LLP
901 Main Street, Suite 4400
Dallas, Texas 75202
Telephone:  (214) 651-4722
Telecopier:  (214) 659-4108

ATTORNEYS FOR GRAMERCY INSURANCE
COMPANY

# CIVIL COVER SHEET

ORIGINAL

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I.

**(a) PLAINTIFFS**
GRAMERCY INSURANCE COMPANY

**DEFENDANTS**
NIALL KAVANAGH, MARK KILLILEA, FIONA ANN KILLILEA and BRIAN KENNEDY (individuals),

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF    Dallas
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT    United Kingdom

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Christopher R. Ward
Michael D. Feiler
Strasburger & Price, LLP
901 Main Street, Suite 4400
Dallas, Texas 75202
PH: 214.651.4300

ATTORNEYS (IF KNOWN)

3 10CV-1254D

RECEIVED
BY
JUN 25 2010
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

## II. BASIS OF JURISDICTION (PLACE AN "X" IN ONE BOX ONLY)

☐ 1 U.S. Government Plaintiff

☐ 2 U.S. Government Defendant

☐ 3 Federal Question (U.S. Government Not a Party)

☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☒ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☒ 6 |

## IV. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 151 Medicare Act<br>☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☒ 190 Other Contract<br>☐ 195 Contract Product Liability | **PERSONAL INJURY**<br>☐ 310 Airplane<br>☐ 315 Airplane Product Liability<br>☐ 320 Assault, Libel & Slander<br>☐ 330 Federal Employers' Liability<br>☐ 340 Marine<br>☐ 345 Marine Product Liability<br>☐ 350 Motor Vehicle<br>☐ 355 Motor Vehicle Product Liability<br>☐ 360 Other Personal Injury | **PERSONAL INJURY**<br>☐ 362 Personal Injury – Med. Malpractice<br>☐ 365 Personal Injury – Product Liability<br>☐ 368 Asbestos Personal Injury Product Liability<br><br>**PERSONAL PROPERTY**<br>☐ 370 Other Fraud<br>☐ 371 Truth in Lending<br>☐ 380 Other Personal Property Damage<br>☐ 385 Property Damage Product Liability | ☐ 610 Agriculture<br>☐ 620 Other Food & Drug<br>☐ 625 Drug Related Seizure of Property 21 USC 881<br>☐ 630 Liquor Law<br>☐ 640 R.R. & Truck<br>☐ 650 Airline Regs.<br>☐ 660 Occupational Safety/Health<br>☐ 690 Other | ☐ 422 Appeal 28 USC 158<br>☐ 423 Withdrawal 28 USC 157<br><br>**PROPERTY RIGHTS**<br>☐ 820 Copyrights<br>☐ 830 Patents<br>☐ 840 Trademark | ☐ 400 State Reapportionment<br>☐ 410 Antitrust<br>☐ 430 Banks and Banking<br>☐ 450 Commerce/ICC Rates/etc.<br>☐ 460 Deportation<br>☐ 470 Racketeer Influenced and Corrupt Organizations<br>☐ 810 Selective Service<br>☐ 850 Securities/Commodities/Exchange<br>☐ 875 Customer Challenge 12 USC 3410<br>☐ 891 Agricultural Acts<br>☐ 892 Economic Stabilization Act<br>☐ 893 Environment Matters<br>☐ 894 Energy Allocation Act<br>☐ 895 Freedom of Information Act<br>☐ 900 Appeal of Fee Determination Under Equal Access to Justice<br>☐ 950 Constitutionality of State Statutes<br>☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | **LABOR** | **SOCIAL SECURITY** | |
| ☐ 210 Land Condemnation<br>☐ 220 Foreclosure<br>☐ 230 Rent Lease & Ejectment<br>☐ 240 Torts to Land<br>☐ 245 Tort Product Liability<br>☐ 290 All other Real Property | ☐ 441 Voting<br>☐ 442 Employment<br>☐ 443 Housing/ Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights | ☐ 510 Motions to Vacate Sentence Habeas Corpus:<br>☐ 530 General<br>☐ 535 Death Penalty<br>☐ 540 Mandamus & Other<br>☐ 550 Civil Rights | ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Railway Labor Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 861 HIA (1395ff)<br>☐ 862 Black Lund (923)<br>☐ 863 DIWC/DIWW (405(g))<br>☐ 864 SSID Title XVI<br>☐ 865 RSI (405(g))<br><br>**FEDERAL TAX SUITS**<br>☐ 870 Taxes (U.S. Plaintiff or Defendant)<br>☐ 871 RS – Third Party 26 USC 7609 | |

## V. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

☒ 1 Original Proceeding   ☐ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify)   ☐ 6 Multidistrict litigation   ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
(Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.).   Jurisdiction is proper based on diversity pursuant to 28 U.S.C. §1332.

(1) Declaratory Judgment

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

**DEMAND in excess of $75,000**

CHECK YES only if demanded in complaint

**JURY DEMAND:** ☐ YES   ☒ NO

## VIII. RELATED CASE(S) IF ANY:

(See instructions):
None   JUDGE _____   DOCKET NUMBER _____

DATE   June 25, 2010   SIGNATURE OF ATTORNEY OF RECORD

---

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

JS 44 Reverse (Rev. 12/96)