IN THE UNITED STATES DISTRICT COURT
             FOR THE NORTHERN DISTRICT OF TEXAS
                       DALLAS DIVISION

GRAMERCY INSURANCE CO.,           §
                                  §
                  Plaintiff,      §
                                  § Civil Action No. 3:10-CV-1254-D
VS.                               §
                                  §
NIALL KAVANAGH, et al.,           §
                                  §
                  Defendants.     §

                    MEMORANDUM OPINION
                        AND ORDER

    Plaintiff's May 3, 2011 motion for substituted service of process on defendant Brian Kennedy ("Kennedy") is granted.*

    Fed. R. Civ. P. 4(f)(1) gives effect to the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents ("Hague Service Convention"). Use of Hague Service Convention procedures is mandatory if available at the place of service. *See* 4B Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1134, at 311 (3d ed. 2002 & Supp. 2011). But the "Convention shall not apply where the address of the person to be served with the document is not known." Hague Service Convention art. 1, Nov. 15 1965, 20 U.S.T. 361, T.I.A.S. No. 6638; *see also Chanel, Inc. v. Zhibing,* 2010 WL 1009981, at *3 (W.D. Tenn. Mar.

---

    *Under § 205(a)(5) of the E-Government Act of 2002 and the definition of "written opinion" adopted by the Judicial Conference of the United States, this is a "written opinion[] issued by the court" because it "sets forth a reasoned explanation for [the] court's decision." It has been written, however, primarily for the parties, to decide issues presented in this case, and not for publication in an official reporter, and should be understood accordingly.

17, 2010) (holding Hague Convention inapplicable because defendant's address was unknown and could not be determined).

Rule 4(f)(3) provides for service at the court's direction when not prohibited by international agreement. Rule 4(f) does not create a hierarchy of preferred means of service, and service ordered pursuant to Rule 4(f)(3) is as favored as service available under other subparts. *See* 4B Wright & Miller, *supra*, § 1134, at 56-57 (Supp. 2011). Courts have broad discretion in ordering service under Rule 4(f)(3) so long as the service is consistent with the due process requirements of reasonable notice and an opportunity to be heard. *See id.* § 1134, at 333; *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950) (holding that due process requires "notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.").

The court concludes that substituted service on Kennedy's attorney is permissible under Rule 4(f)(3) and satisfies the requirements of due process. Plaintiff Gramercy Insurance Co. ("Gramercy") has established that it has been unable to locate Kennedy personally or discover his address, despite its efforts to do so. These efforts include hiring a private investigator and requesting Kennedy's location from defendants' common counsel in this case, T.R. Vaughan, Esquire ("Vaughan"), of Scott Fowler

Solicitors. Although Gramercy was able to locate and serve defendants Fiona Ann Killilea, Mark Killilea, and Niall Kavanagh using the services of its investigator, it maintains that it has not been able to locate Kennedy. Gramercy seeks an order directing substituted service on Vaughan, who has represented Kennedy as recently as August 9, 2010. Vaughan represented Kennedy at the time Gramercy attempted to locate defendants for service. But, according to Gramercy, Vaughan would not provide instructions on defendants' locations for purposes of service. Because Gramercy is otherwise unable to locate Kennedy, service on Vaughan is the best available means of notifying Kennedy of the action against him and giving him an opportunity to defend against the suit. *See, e.g., Levin v. Ruby Trading Corp.,* 248 F. Supp. 537, 541 (S.D.N.Y. 1965) (finding that service on foreign attorney by ordinary mail satisfied due process by affording best opportunity to defend against action where previous attempts at personal service had failed); *see also Forum Fin. Grp. v. President, Fellows of Harvard Coll.,* 199 F.R.D. 22, 23 (D. Me. 2001) (permitting service on foreign defendant's attorney, located in New York).

\* \* \*

The court grants plaintiff's May 3, 2011 motion for substituted service, and it grants Gramercy's request to serve Kennedy through substituted service on Vaughan.

**SO ORDERED.**

May 10, 2011.

_____
SIDNEY A. FITZWATER
CHIEF JUDGE